Filed 9/15/25  Smith v. Smith CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| CHRISTIAN SMITH,<br><br>    Appellant,<br><br>v.<br><br>MEGAN SMITH,<br><br>    Respondent. | 2d Civ. No. B337418<br>(Super. Ct. No. 20FL-0554)<br>(San Luis Obispo County) |

Christian Smith appeals from a judgment dividing the community estate.  Christian[1] contends the family court erred when it failed to equally divide community property by imposing sanctions under Family Code section 1101, subdivisions (g) and (h) for his breach of fiduciary duty.  We will affirm.

---

[1] We refer to the parties by their first names for ease of reference.

## FACTUAL AND PROCEDURAL BACKGROUND

Christian worked for his family's company while Megan raised their three children at home. Christian's parents contributed to the marital standard of living. They provided $125,000 for the down payment on the parties' home. The parties also used company funds for a home remodeling project and used a company credit card for everyday expenses.

Near the time of the down payment, Christian's parents reported gifts totaling $123,884 on their tax returns. They were not on title to the parties' home. No written agreements exist about the nature of these funds. Christian's parents did not know of or authorize the use of company funds for the home remodeling. Like the down payment funds, no written agreements existed regarding the credit card charges, and Christian's parents did not speak to Megan about these funds.

Christian told Megan he wanted a divorce in late July 2020. He told her they would need to repay his parents for the down payment, credit card charges, and remodeling funds. A notary arrived at their home the next day with loan documents. Megan said she did not want to sign the loan documents after being notified of the divorce and that she did not believe they owed Christian's parents this money. Christian told Megan they would need to sell the home if she did not sign. One of the children overheard this and began crying. Feeling pressured, Megan signed the loan documents, which included a deed of trust on the home securing the loan.

Megan did not receive copies of the documents she signed. She did not understand they were borrowing $155,000 at an interest rate of 10 percent. Christian told Megan he used $125,000 of the $155,000 loan proceeds to pay his parents back.

He instead transferred $150,000 of the proceeds to his parents. When the parties sold their home in 2022, $161,791 of the proceeds were used to pay off the secured loan.

The family court entered judgment of dissolution in July 2022. Trial followed on reserved issues, after which the family court issued a statement of decision. It found the funds received from Christian's parents were not a loan and concluded the community did not owe them for charges incurred on the company credit card. It found Christian had breached his fiduciary duty to Megan by characterizing the funds as a loan; by pressuring Megan to sign the loan documents; and by transferring $150,000 from the loan proceeds to his parents without her consent. The family court concluded that "[a]s a result of these transactions [Megan] has a claim against [Christian] for a breach of fiduciary duty that caused a 'detrimental impact to [Megan's] undivided one-half interest in the community estate.'" (Citing section 1101, subd. (a).) As a remedy for Christian's breach of fiduciary duty, the court charged him with the entire amount paid, $161,791, on the secured debt. The court also sanctioned him $10,000 in attorney's fees and costs under section 1101, subdivision (g).

## DISCUSSION

Christian contends the family court erred in failing to divide the community estate equally under Family Code[2] sections 760 and 2550 by charging the entire amount paid on the secured debt to him. He argues his actions do not fall under section 1101, subdivisions (g) and (h), and that the court failed to make the necessary findings to impose remedies under subdivision (h). As

---

[2] All further unmarked statutory references are to the Family Code.

a result, he contends the family court improperly "utilized section 1101 as a general sanctions statute and made none of the required findings necessary to do so."  We disagree.

*Standard of Review*

We review the family court's judgment dividing the community estate for abuse of discretion.  (*In re Marriage of Quay* (1993) 18 Cal.App.4th 961, 973; *In re Marriage of Schleich* (2017) 8 Cal.App.5th 267, 276.)  "Factual findings are upheld if supported by substantial evidence."  (*In re Marriage of Dellaria & Blickman-Dellaria* (2009) 172 Cal.App.4th 196, 201; *Quay*, at p. 966.)

*Mandatory Remedies Under Section 1101*
*for Breach of Spousal Fiduciary Duty*

"[A]ll property, real or personal, wherever situated, acquired by a married person during the marriage while domiciled in this state is community property."  (§ 760.)  "[I]n a proceeding for dissolution of marriage or for legal separation of the parties, the court shall . . . divide the community estate of the parties equally.  (§ 2550.)  However, the trial court retains "broad discretion to determine the manner in which to divide community property, keeping in mind the requirement of section 2550 that the community estate be equally divided between the parties." (*In re Marriage of Oliverez* (2019) 33 Cal.App.5th 298, 313.)

Section 1101 allows courts to deviate from the general rule of equal division upon a finding that one spouse breached a fiduciary duty owed to the other.  Subdivision (a) states:  "A spouse has a claim against the other spouse for any breach of the fiduciary duty that results in impairment to the claimant spouse's present undivided one-half interest in the community

4

estate."[3]  The remedies for a breach of the duty "shall include, but not be limited to," 50 percent or 100 percent of "any asset undisclosed or transferred in breach of the fiduciary duty." (§ 1101, subd. (g) & (h).)  The 100 percent remedy can only be awarded if the "breach falls within the ambit of Section 3294." (*Id.*, subd. (h).)  This requires clear and convincing evidence of "oppression, fraud, or malice."  (Civ. Code, § 3294, subd. (a).)  An award of attorney's fees is mandatory under section 1101, subdivision (g) but discretionary under subdivision (h).  (*In re Marriage of Hokanson* (1998) 68 Cal.App.4th 987, 993.)

*The Trial Court Did Not Err In Finding*
*Christian's Conduct Fell Under Section 1101*
*and Applying Mandatory Remedies*

Christian contends the family court could not impose the remedies authorized under section 1101, subdivisions (g) because it did not expressly find that he failed to disclose or that he transferred any asset "in breach of [his] fiduciary duty [to Megan]."  He argues the court found he breached his duty instead by "pressuring Megan to sign a loan document."  Christian reads

---

[3] Section 1100, subdivision (e), imposes on spouses the "general rules governing fiduciary relationships which control the actions of persons having relationships of personal confidence as specified in Section 721."  Section 721, subdivision (b), imposes a fiduciary duty on spouses in transactions between themselves.  It provides "spouses are subject to the general rules governing fiduciary relationships that control the actions of persons occupying confidential relations with each other.  This confidential relationship imposes a duty of the highest good faith and fair dealing on each spouse, and neither shall take any unfair advantage of the other."  This duty continues after the parties separate and until assets and liabilities are distributed.  (§ 2102, subd. (a).)

5

the statement of decision too narrowly. The court found Christian pressured Megan to obtain a loan to pay his parents money they were not owed, and "then transferred [the] loan proceeds to his parents, without [Megan's] consent." It properly awarded a remedy under section 1101, subdivision (g).

Christian also contends the family court could not impose the 100 percent remedy authorized by section 1101, subdivision (h), because it did not find "by clear and convincing evidence that [he] has been guilty of oppression, fraud, or malice. . . ." (Civ. Code, § 3294, subd. (a).) We again disagree.

"'Fraud'" is defined as "an intentional misrepresentation, deceit, or concealment of a material fact known to the defendant with the intention on the part of the defendant of thereby depriving a person of property or legal rights or otherwise causing injury." (Civ. Code, § 3294, subd. (c)(3).) The family court explained Christian breached his fiduciary duty "by *wrongfully claiming* they were required to repay his parents." (Italics added.) He did not mistakenly or negligently mischaracterize the nature of the funds. He did so intentionally. These findings frame his conduct as fraudulent and thus within the ambit of section 1101, subdivision (h). (See *In re Marriage of Rossi* (2001) 90 Cal.App.4th 34, 42 [intentionally concealing a community property asset supports a finding of fraud].)

There is no requirement that the court expressly state the evidentiary standard applied. (*People v. Johnson & Johnson* (2022) 77 Cal.App.5th 295, 325 ["[T]he court's mere failure to discuss a standard does not compel a conclusion that the court applied the wrong standard"].) Christian objected to the proposed statement of decision on the same grounds he now raises. The family law court was clearly aware of the statute's

6

heightened evidentiary requirement.  We presume the court knew and applied the law unless the record indicates otherwise. (*Keep Our Mountains Quiet v. County of Santa Clara* (2015) 236 Cal.App.4th 714, 741; *J.H. v. G.H.* (2021) 63 Cal.App.5th 633, 644 ["failure to 'discuss' a particular standard does not imply [the court] applied an incorrect standard . . . 'absent evidence to the contrary.'"].)  It does not.

DISPOSITION

Judgment is affirmed.  Respondent shall recover her costs on appeal.

NOT TO BE PUBLISHED.


CODY, J.


We concur:


YEGAN, Acting P. J.


BALTODANO, J.


7

Rita Federman, Judge
Superior Court County of San Luis Obispo
_____

The Law Office of Comstock & Wagner, Stephen A. Wagner and Nicole Radakovich, for Appellant.

The Law Office of Edward L. Somogyi, Edward L. Somogyi, for Respondent.